IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZENAWE MEHARI,

        Plaintiff,                     No. CIV S-08-1089 MCE DAD P

    vs.

R.V. COX, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On September 15, 2008, defendants moved to dismiss this action, arguing that plaintiff had failed to exhaust available administrative remedies prior to bringing suit and that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has filed an opposition, and defendants have filed a reply. Plaintiff has also filed an unauthorized response to defendants' reply. See Local Rule 78-230(m).

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Cox, James, and Flaherty. Therein, he alleges as follows. On November 2, 2005, he began experiencing extreme lower-back pain that affected his daily movement and functioning. On November 29, 2005, he transferred to High Desert State Prison where he sought medical treatment from the

1

defendants on numerous occasions.  The defendants have refused to provide plaintiff with an MRI and appropriate referrals to outside back specialists.  Plaintiff claims that the defendants have denied him adequate medical care in violation of the Eighth Amendment and requests compensatory and punitive damages.  (Compl. at 3 & Attach. 1-26.)

## DEFENDANTS' MOTION TO DISMISS

I. <u>Defendants' Motion</u>

Counsel for defendants argues that the court should dismiss this action against defendants James and Flaherty because plaintiff failed to exhaust administrative remedies prior to filing this suit.  Counsel acknowledges that plaintiff filed inmate appeal HDSP-D-06-0162, regarding his back pain and desire for an MRI.  However, counsel contends that plaintiff failed to mention defendants James and Flaherty by name in his administrative appeal.  In addition, counsel argues, plaintiff only complained about the fact that defendant Cox had requested an MRI and that the Medical Authorization Review Committee had refused to grant it.  According to defense counsel, plaintiff did not complain in his administrative appeal about defendant Flaherty's alleged refusal to refer him to a back specialist and Flaherty's failure to notify a physician of his back complaints as he does in the complaint filed in this action.  According to counsel, nor did plaintiff complain in the administrative appeal about defendant James' alleged refusal to order an MRI and the decision to cancel a nurse's order for an MRI.  Finally, counsel contends that plaintiff filed his administrative grievance on June 11, 2006, but the allegations in his complaint against defendants James and Flaherty are regarding events that took place after this date.  Accordingly, counsel concludes that plaintiff failed to exhaust administrative remedies prior to filing this suit.  (Defs.' Mot. to Dismiss at 6-7; Grannis & Dangler Decls.)

Counsel for defendants also argues that the court should dismiss this action against defendant Cox because plaintiff's complaint fails to state a cognizable claim against him.  Counsel notes that plaintiff's complaint alleges that defendant Cox was deliberately indifferent in violation of the Eighth Amendment by failing to provide him with adequate medical care,

specifically, with an MRI for his back. However, counsel argues that the allegations of the complaint reveals no actual deliberate indifference by defendant Cox. In this regard, counsel contends that defendant Cox prescribed plaintiff medication and ordered him to take long showers and walks to help manage his back pain. In addition, defendant Cox ordered an x-ray of plaintiff's back and requested two MRI's for plaintiff's back, but the Medical Authorization Review Committee denied those requests. Counsel argues that plaintiff's allegations fail to show that defendant Cox either purposefully ignored or failed to respond to plaintiff's medical needs. Accordingly, counsel concludes that the court should dismiss plaintiff's complaint against defendant Cox for failure to state a claim. (Defs.' Mot. to Dismiss at 10-11.)

II. Plaintiff's Opposition

In opposition to defendants' motion to dismiss, plaintiff argues that he has exhausted his administrative remedies. Plaintiff contends that he filed his administrative grievance after he met with the defendants on numerous occasions for his chronic back pain. According to plaintiff, the defendants knew of his ongoing medical condition and complaints as early as November 29, 2005, when he was transferred to High Desert State Prison. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 2-3 & Ex. 1.)

Plaintiff also argues that he has stated a cognizable claim for relief against defendant Cox in that his complaint sufficiently alleges that defendant Cox was aware of his chronic back pain but refused to treat him in violation of his rights under the Eighth Amendment. Plaintiff further contends that he continues to suffer from chronic back pain as a result of defendant Cox's alleged failure to provide him with adequate medical care. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4-5.)

III. Defendants' Reply

In reply, counsel for defendants reiterates his arguments that plaintiff failed to exhaust administrative remedies as evidenced by the differences between the allegations in his inmate appeal and the allegations of his civil rights complaint. Counsel contends that prison

officials were never put on notice that plaintiff was complaining about the alleged actions of defendants James and Flaherty. In addition, counsel reiterates that plaintiff's own allegations demonstrate that defendant Cox was not deliberately indifferent to his medical needs because Cox prescribed plaintiff pain medication and requested on two occasions that plaintiff receive an MRI. Accordingly, for these reasons, counsel concludes that the court should grant defendants' motion to dismiss. (Defs.' Reply at 2-3.)

**ANALYSIS**

I. <u>Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>Id.</u> at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. <u>See</u> Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also

4

referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[1] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied 549 U.S. 1204 (2007). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Discussion

The court finds that plaintiff exhausted his inadequate medical care claims against all of the defendants prior to filing this suit. On June 11, 2006, plaintiff filed inmate appeal HDSP-06-01620 and pursued it through the director's level of review. In that administrative

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on July 1, 2008. (Order filed July 1, 2008 at 3-4).

5

appeal, plaintiff explained that he had a herniated disc in his lower back for the past eight months and had submitted health care request forms for medical care but had not received adequate medical treatment in violation of his rights under the Eighth Amendment. Plaintiff requested proper medical care for his back as well as a copy of the procedures to obtain a referral for an MRI. (Pl.'s Ex. 2.)

Contrary to defense counsel's argument, plaintiff was not required to mention defendants James and Flaherty by name to satisfy the exhaustion requirement. See Jones, 549 U.S. at 219 ("exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."). In addition, plaintiff was not required to limit the allegations in his civil rights complaint to the allegations set forth in his administrative appeal. As the Ninth Circuit Court of Appeals has recently explained:

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). See also Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation.")). Here, plaintiff's administrative appeal included sufficient detail to put prison officials on notice of plaintiff's claim that he was receiving inadequate medical care with respect to his chronic back pain.

Finally, even if most of plaintiff's allegations against defendants James and Flaherty involve events that took place after plaintiff filed his administrative appeal, he was not required to file and pursue a separate administrative appeal each time he allegedly received inadequate medical care. Throughout the grievance process, plaintiff repeated his claim that he

was not receiving adequate medical care for his chronic back pain. Prison officials would not have been anymore aware of the problem about which plaintiff was complaining had he filed a new grievance each time he saw one of the defendants and continued to receive allegedly inadequate medical care. Prisoners are not required to file and exhaust a separate grievance each time they allegedly receive inadequate medical care for an ongoing condition. See, e.g., Gomez v. Winslow, 177 F. Supp. 2d 977, 982 (N.D. Cal. 2001) ("Rather than distinct causes of action, allegations that defendants failed to notify Gomez that he tested positive for hepatitits C antibodies, begin treatment for a matter of years, or provide him with adequate information are simply aspects of the inadequate medical treatment he notified corrections officials about in his administrative appeals. The allegations are encompassed within Gomez's claim of inadequate medical care and do not require filing separate internal grievances."). See also Sulton v. Wright, 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) (denying motion to dismiss for failure to exhaust based upon arguments similar to those advanced here and observing that "[r]igid 'issue exhaustion' appears inappropriate when the fundamental issue is one of medical care from the same injury." ), abrogated on other grounds by Richardson v. Goord, 347 F.3d 431 (2d Cir. 2003); Torrence v. Pelkey, 164 F. Supp. 2d 264, 278-79 (D. Conn. 2001) (declining to require exhaustion of new issues in medical care that arose from the "same series of events" concerning medical care that had already been exhausted).

As noted above, defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Defendants James and Flaherty have not carried their burden in this instance. Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit should be denied.

III. Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720

F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

IV. Discussion

Inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to

serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp., 550 U.S. at 555. Defense counsel moves to dismiss plaintiff's claims against defendant Cox as groundless because, according to plaintiff's own allegations, defendant Cox ordered an MRI for plaintiff on two occasions and prescribed him medication for his back pain. Defense counsel's position on the merits of plaintiff's claims may ultimately prove to be correct. However, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Here, as defense counsel observes, plaintiff alleges in his complaint that defendant Cox ordered an MRI for him on two occasions and prescribed plaintiff medication for his back pain. However, plaintiff also alleges defendant Cox, as a member of the Medical Authorization Review Committee, subsequently denied him the MRI. Plaintiff further alleges that defendant Cox knew that plaintiff was suffering increasing pain and that the medication he prescribed was not alleviating his suffering, but still refused to approve further diagnostic tests for plaintiff and refused to refer him to a back specialist. (Compl. Attach. at 11-12 & 15-16.) Liberally construed, plaintiff's allegations against defendant Cox state a cognizable claim for relief. Accordingly, defendants' motion to dismiss for failure to state a claim should also be denied.

# CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that defendants' September 15, 2008 motion to dismiss (Doc. No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
meha1089.57